# EXHIBIT A



DISTRICT OF COLUMBIA, ss:

### DECLARATION OF TOM HEINEMANN

I, Tom Heinemann, declare and say as follows:

1. I am the Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, Washington, D.C. This office has responsibility for extradition requests, and I am charged with the extradition case of Christopher Philip Ahn. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. The relevant and applicable treaty provisions in full force and effect between the United States and Spain are found in the Treaty on Extradition between the United States of America and Spain, signed 29 May 1970, the Supplementary Treaty on Extradition between the United States of America and Spain, signed 25 January 1975, the Second Supplementary Treaty on Extradition between the United States of America and Spain, signed 9 February 1988, the Third Supplementary Treaty on Extradition between the United States of America and Spain, signed 12 March 1996 (collectively referred to as "the bilateral extradition treaty"), and the Instrument as contemplated by Article 3(2) of the Agreement on Extradition between the United States and the European Union signed 25 June 2003, as to the application of the Treaty on Extradition between the United States of America and Spain signed 29 May 1970, and the Supplementary Treaties on Extradition signed 25 January 1975, 9 February 1988, and 12 March 1996, signed 17 December 2004 ("the Instrument"). The Annex to the Instrument ("the Annex")

reflects the integrated text of the provisions of the bilateral extradition treaty and the U.S.-EU Extradition Agreement. A copy of the Instrument and Annex are attached to this declaration.

3. In accordance with the provisions of the Annex, including Article X(H), the Spanish Ministry of Foreign Affairs, European Union and Cooperation has submitted a request for the extradition of Christopher Philip Ahn via Diplomatic Note 210/15.6, dated 21 May 2019. A copy of the diplomatic note is attached to this declaration.

4. In accordance with Article XVII of the Annex, the Government of the United States provides legal representation in United States courts for Spain in its extradition requests, and Spain provides legal representation in its courts for extradition requests made by the United States.

5. The offenses of causing injuries, illegal restraint, breaking and entering, robbery with violence and intimidation, and criminal organization for which extradition is requested are covered by Article II(A) of the Annex. Should the court find Christopher Philip Ahn extraditable for any of the above offenses, then the offense of threats for which extradition is requested is covered by Article II(D) of the Annex.

6. Under Article X(F) of the Annex, documents that bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State are admissible in extradition proceedings without further certification, authentication or other legalization. Therefore, such documents satisfy the authentication requirements without the need for certification by the U.S. Embassy in Madrid. Spain, in submitting documents in the instant case, has complied with the Annex with respect to authentication.

19042551-1

# United States of America



## DEPARTMENT OF STATE

*To all to whom these presents shall come, Greetings:*



That Tom Heinemann, whose name is subscribed to the document hereunto annexed, was ... of subscribing the same Assistant Legal Adviser, Office of the Legal Adviser, Department ... ited States of America, and that full faith and credit are due to his acts as such.

*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this thirteenth day of June, 2019.

_____
Secretary of State

By _____
Assistant Authentication Officer,
Department of State

Issued ... ant to CHXIV, ... of
Sept. ... 39, 1 Stat. 68- ... 22
USC 2 ... 2USC 2651a; ... SC
301; 2 ... 1733 et. seq.; ... SC
1443(f) ... E 44 Federal ... s of
Civil P... ...re.

-3-

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 12th, 2019.

                                                _____
                                                     TOM HEINEMANN

Attachments:
1. Copy of note
2. Copy of Instrument and Annex



MINISTERIO
DE ASUNTOS EXTERIORES, UNIÓN EUROPEA
Y COOPERACIÓN

SUBSECRETARÍA

DIRECCIÓN GENERAL DE ESPAÑOLES
EN EL EXTERIOR Y DE ASUNTOS
CONSULARES

SUBDIRECCIÓN GENERAL DE ASUNTOS
JURÍDICOS CONSULARES

# NOTA VERBAL

AUTOR: JIG/fhc
S/REF.:
N/REF.: 187506 -EXT-2018
FECHA: 21.05.2019
ASUNTO: EXTRADICION –
**AHN, CHRISTOPHER PHILIP**
-remite documentación extradicional-

DESTINATARIO:

EMBAJADA DE LOS ESTADOS UNIDOS DE
AMERICA EN MADRID
C/ Serrano, 75
28006 Madrid

MINISTERIO DE ASUNTOS EXTERIORES
UNION EUROPEA Y COOPERACION
REGISTRO GENERAL

SALIDA  21/05/2019 16:25

No. REGISTRO:  12983

No NOTA VERBAL: 210/15.6

El Ministerio de Asuntos Exteriores, Unión Europea y Cooperación saluda atentamente a la Embajada de los Estados Unidos de América en Madrid y tiene el honor de remitirle conforme al Art. X, letra H, del Acuerdo de Extradición entre los Estados Unidos de América y la Unión Europea firmado el 25.06.2003, la documentación extradicional de **Christopher Philip AHN**, para que sea cursada ante las Autoridades competentes de los Estados Unidos de América

La petición de extradición ha sido instada por el Juzgado Central de Instrucción nº 5 de la Audiencia Nacional, en virtud de *Procedimiento Abreviado 1396/2019.*

Madrid, a 21 de mayo 2019

MAY 2 1 2019

**U.S. EMBASSY**
Consular Section / ACS
Calle Serrano, 75
28006 Madrid

Correo electrónico: juridicos.consulares@maec.es

C/. Pechúan, 1
28071 MADRID
FAX: 91 394 86 65

**Translation**

Ministry of Foreign Affairs, European Union and Cooperation

Under Secretariat.
General Directorate for Spaniards Abroad and Consular Affairs
**Under Directorate General for Consular Legal Affairs**

# NOTE VERBALE

| | |
|---|---|
| Author: | JIG/fhc |
| S/REF.: | (your reference) |
| N/REF.: | (our reference) 187506 – EXT 2018 |
| DATE: | 05.21.2019 |
| CASE: | EXTRADITION |
| | AHN, CHRISTOPHER PHILIP |
| | Submits extradition documents |

[INK STAMP]

TO:

EMBASSY OF THE UNITED STATES OF AMERICA
IN MADRID
Serrano 75 St.
28006 Madrid

The Ministry of Foreign Affairs, European Union and Cooperation presents its compliments to the Embassy of the United States of America in Madrid and has the honor to present, in accordance with Article X, letter H of the Extradition Agreement signed between the European Union and the United States of America on 06. 25. 2003, the extradition documentation of Christopher Philip AHN, so it can be processed before the competent authorities of the United States of America.

The extradition was requested by Central Examining Court number 5 of the National Court, in Case *Procedimiento Abreviado* 1396/2019.

Madrid, 21 May 2019 [INK STAMP] [SIGNATURE]

E-MAIL: juridicos consulares@maec.es

Pechuán Street, 1
28071 MADRID
FAX: 91 394 86 65

Instrument as contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed 25 June 2003, as to the application of the Treaty on Extradition between the United States of America and Spain signed 29 May 1970, and the Supplementary Treaties on Extradition signed 25 January 1975, 9 February 1988 and 12 March 1996

1. As contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed 25 June 2003 (hereafter "the U.S.-EU Extradition Agreement"), the Governments of the United States of America and Spain acknowledge that, in accordance with the provisions of this Instrument, the U.S.-EU Extradition Agreement is applied in relation to the bilateral Treaty on Extradition between the United States of America and Spain signed 29 May 1970, the Supplementary Treaty on Extradition signed 25 January 1975, the Second Supplementary Treaty on Extradition signed 9 February 1988, and the Third Supplementary Extradition Treaty signed 12 March 1996, respectively, (hereafter collectively referred to as the "bilateral extradition treaty"), under the following terms:

(a) Article 5 of the U.S.-EU Extradition Agreement as set forth in Article X(A) and (F) of the Annex to this Instrument shall govern the mode of transmission, and requirements concerning certification, authentication, or legalization of, the extradition request and supporting documents;

(b) Article 7(1) of the U.S.-EU Extradition Agreement as set forth in Article X(H) of the Annex to this Instrument shall provide an alternative method for transmission of the request for extradition and supporting documents following provisional arrest;

(c) Article 8(2) of the U.S.-EU Extradition Agreement as set forth in Article XII of the Annex to this Instrument shall govern the channel to be used for submitting supplementary information;

(d) Article 10 of the U.S.-EU Extradition Agreement as set forth in Article XIV of the Annex to this Instrument shall govern the decision on requests made by several States for the extradition or surrender of the same person;

(e) Article 12 of the U.S.-EU Extradition Agreement as set forth in Article XV Bis of the Annex to this Instrument shall govern requests for transit of persons in custody;

(f) Article 13 of the U.S.-EU Extradition Agreement as set forth in Article VII of the Annex to this Instrument shall govern extradition with respect to conduct punishable by death in the requesting Party;

(g) Article 14 of the U.S.-EU Extradition Agreement as set forth in Article X Bis of the Annex to this Instrument shall govern consultations where the requesting Party contemplates the submission of particularly sensitive information in support of a request for extradition.

2. In order to implement the U.S.-EU Extradition Agreement, the Annex reflects the integrated text of the provisions of the bilateral extradition treaty and the U.S.-EU Extradition Agreement that shall apply upon entry into force of this Instrument, without prejudice to those provisions of the U.S.-EU Extradition Agreement directly applicable.

1

3. In accordance with Article 16 of the U.S.-EU Extradition Agreement, this Instrument shall apply to offenses committed before as well as after it enters into force.

4. This Instrument shall not apply to requests for extradition made prior to its entry into force.

5. (a) This Instrument shall be subject to the completion by the United States of America and Spain of their respective applicable internal procedures for entry into force. The Governments of the United States of America and Spain shall thereupon exchange instruments indicating that such measures have been completed. This Instrument shall enter into force on the date of entry into force of the U.S.-EU Extradition Agreement.

(b) In the event of termination of the U.S.-EU Extradition Agreement, this Instrument shall be terminated and the bilateral extradition treaty shall be applied. The Governments of the United States of America and Spain nevertheless may agree to continue to apply some or all of the provisions of this Instrument.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Instrument.

DONE at Madrid, in duplicate, this 17th day of December 2004, in the English and Spanish languages, both texts being equally authentic.

FOR THE GOVERNMENT OF
THE UNITED STATES OF AMERICA:

FOR THE KINGDOM OF
SPAIN:

ANNEX

INTEGRATED TEXT OF THE PROVISIONS OF THE BILATERAL EXTRADITION TREATY AND THE U.S.-EU EXTRADITION AGREEMENT THAT SHALL APPLY UPON ENTRY INTO FORCE OF THIS INSTRUMENT

ARTICLE I

Pursuant to the provisions of this Treaty, the Contracting Parties agree to extradite to each other for prosecution or to undergo sentence persons sought for extraditable offenses.

ARTICLE II

A. An offense shall be an extraditable offense if it is punishable under the laws in both Contracting Parties by deprivation of liberty for a period of more than one year or by a more severe penalty, or in the case of a sentenced person, if the sentence imposed was greater than four months.

B. Extradition shall also be granted for participation in any of these offenses, not only as principals or accomplices, but as accessories, as well as for attempts to commit or conspiracy to commit any of the aforementioned offenses, when such participation, attempt or conspiracy is subject, under the laws of both Parties, to a term of imprisonment exceeding one year.

C. For the purposes of this Article, an offense shall be an extraditable offense whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology.

D. If extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request even if the latter offense is punishable by less than one year's deprivation of liberty, provided that all other requirements for extradition are met.

E. Extradition shall also be granted for these offenses, even when, in order to recognize the competent federal jurisdiction, circumstances such as the transportation from one State to another, have been taken into account and may be elements of the offense.

ARTICLE II Bis

A. Provided that all other requirements for extradition are met, extradition shall also be granted even if, in accordance with the laws of the Requested Party, the prosecution or the penalty would have been barred by the statute of limitations. The Requested Party shall be bound by the statement of the Requesting Party that the statute of limitations of the Requesting Party does not bar the prosecution or the execution of the penalty.

3

B. An amnesty promulgated in the Requested Party shall not constitute an obstacle to extradition.

ARTICLE III

A. For the purposes of this Treaty the territory of a Contracting Party shall include all territory under the jurisdiction of that Contracting Party, including airspace and territorial waters and vessels and aircraft registered in that Contracting Party if any such aircraft is in flight or if any such vessel is on the high seas when the offense is committed. For purposes of this Treaty an aircraft shall be considered to be in flight from the moment when power is applied for the purpose of take-off until the moment when the landing run ends.

B. Without prejudice to paragraph A, 1 of Article V, when the offense for which extradition has been requested has been committed outside the territory of the requesting Party, extradition may be granted if the laws of the requested Party provide for the punishment of such an offense committed in similar circumstances; and if the person whose surrender is sought is not also the subject of a request from another State whose jurisdiction over the person may take preference for territorial reasons and in respect of which there exists an equal possibility of acceding to a request for extradition.

ARTICLE IV

Neither of the Contracting Parties shall be bound to deliver up its own nationals, but the Executive Authority of the United States and the competent authority of Spain, unless prohibited by their domestic legislation, shall have the power to deliver them up if, in their discretion, it be deemed proper to do so. If extradition is refused solely on the basis of the nationality of the person sought, the requested Party shall, at the request of the requesting Party, submit the case to its authorities for prosecution.

ARTICLE V

A. Extradition shall not be granted in any of the following circumstances:

1. When the person whose surrender is sought is being proceeded against or has been tried and discharged or punished in the territory of the requested Party for the offense for which his extradition is requested.

2. When the person whose surrender is sought has been tried and acquitted or has undergone his punishment in a third State for the offense for which his extradition is requested.

3. When the offense in respect of which the extradition is requested is regarded by the requested Party as an offense of a political character, or that Party has substantial grounds for believing that the request for extradition has been made for the purpose of trying or punishing a person for an offense of the above mentioned character. If any question arises

4

as to whether a case comes within the provisions of this subparagraph, the authorities of the Government on which the requisition is made shall decide.

4. When the offense is purely military.

B. For the purpose of this Treaty, the following offenses shall not be deemed to be offenses of a political character within the meaning of subparagraph A of this Article:

(1) a murder or other willful crime against the person of a Head of State of one of the Contracting Parties, or of a member of the Head of State's family;

(2) an offense for which both Contracting Parties have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for the purpose of prosecution;

(3) murder, voluntary manslaughter and voluntary assault and battery inflicting serious bodily harm;

(4) an offense involving kidnapping, abduction, the taking of a hostage, or any other form of illegal detention;

(5) an offense involving the placement or use of an explosive, incendiary or destructive device or substance, as well as the use of automatic weapons, to the extent that they cause or are capable of causing serious bodily harm or substantial property damage;

(6) an attempt to commit one of the above-mentioned offenses or the participation as co-author or accomplice of a person who commits or attempts to commit such an offense;

(7) illicit association or bands formed to commit any of the foregoing offenses under the laws of Spain, or a conspiracy to commit any such offenses as provided by the laws in the United States.

## ARTICLE VI

If a request for extradition is made under this Treaty for a person who at the time of such request is under the age of eighteen years and is considered by the requested Party to be one of its residents, the requested Party, upon a determination that extradition would disrupt the social readjustment and rehabilitation of that person, may recommend to the requesting Party that the request for extradition be withdrawn, specifying the reasons therefor.

## ARTICLE VII

Where the offense for which extradition is sought is punishable by death under the laws in the requesting Party and not punishable by death under the laws in the requested Party, the requested Party may grant extradition on the condition that the death penalty shall not be imposed on the person sought, or if for procedural reasons such condition cannot be

5

complied with by the requesting Party, on condition that the death penalty if imposed shall not be carried out. If the requesting Party accepts extradition subject to conditions pursuant to this Article, it shall comply with the conditions. If the requesting Party does not accept the conditions, the request for extradition may be denied.

ARTICLE VIII

A. If the extradition request is granted in the case of a person who is being proceeded against or is serving a sentence in the requested State, the requested Party may temporarily surrender the person sought to the requesting Party for the purpose of prosecution. The person so surrendered shall be kept in custody in the requesting State and shall be returned to the requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting Parties.

B. The requested Party may postpone the extradition proceedings against a person who is being prosecuted or who is serving a sentence in that State. The postponement may continue until the prosecution of the person sought has been concluded and any sentence has been served.

ARTICLE IX

The determination that extradition based upon the request therefor should or should not be granted shall be made in accordance with this Treaty and with the law of the requested Party. The person whose extradition is sought shall have the right to use such remedies and recourses as are provided by such law.

ARTICLE X

A. Requests for extradition and supporting documents shall be transmitted through the diplomatic channel, which shall include transmission as provided for in paragraph H of this Article.

B. The request shall be accompanied by:

1. A description of the person sought;

2. A statement of the facts of the case;

3. The text of the applicable laws of the Requesting Party including the law defining the offense and the law establishing the punishment;

4. A statement that neither the prosecution nor the execution of the penalty are barred according to the legislation of the Requesting Party.

C. 1. When the request relates to a person already convicted, it must be accompanied by:

6

When emanating from the United States, a copy of the judgment of conviction and of the sentence, if it has been passed; or

When emanating from Spain, a copy of the sentence.

2. In any case, a statement showing that the sentence has not been served or how much of the sentence has not been served shall accompany the request.

D. When the request relates to a person who has not yet been convicted, it must also be accompanied by a warrant of arrest issued by a judge or other judicial officer of the requesting Party and such information as would justify the committal for trial of the person if the offense had been committed in the requested State. The requested Party may refuse the extradition request if an examination of the case in question shows that the warrant is manifestly ill-founded.

E. If a question arises regarding the identity of the person whose extradition is sought, evidence proving the person requested is the person to whom the warrant of arrest or sentence refers shall be submitted.

F. Documents that bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the requesting Party shall be admissible in extradition proceedings in the requested Party without further certification, authentication, or other legalization. "Ministry of Justice" shall, for the United States of America, mean the United States Department of Justice; and, for Spain, the Spanish Ministry of Justice.

G. The documents mentioned in this article shall be accompanied by an official translation into the language of the requested Party which will be at the expense of the requesting Party.

H. If the person whose extradition is sought is held under provisional arrest by the requested Party, the requesting Party may satisfy its obligation to transmit its request for extradition and supporting documents through the diplomatic channel pursuant to paragraph A of this Article, by submitting the request and documents to the Embassy of the requested Party located in the requesting Party. In that case, the date of receipt of such request by the Embassy shall be considered to be the date of receipt by the requested Party for purposes of applying the time limit that must be met under Article XI of this Treaty to enable the person's continued detention.

ARTICLE X Bis

Where the requesting Party contemplates the submission of particularly sensitive information in support of its request for extradition, it may consult the requested Party to determine the extent to which the information can be protected by the requested Party. If the requested Party cannot protect the information in the manner sought by the requesting Party, the requesting Party shall determine whether the information shall nonetheless be submitted.

7

ARTICLE XI

A. In case of urgency a Contracting Party may apply to the other Contracting Party for the provisional arrest of the person sought pending the presentation of the request for extradition through the diplomatic channel. This application may be made either through the diplomatic channel or directly between the respective Ministries of Justice. The facilities of the International Criminal Police Organization (Interpol) may be used to transmit such a request.

B. The application shall contain a description of the person sought, an indication of intention to request the extradition of the person sought and a statement of the existence of a warrant of arrest or a judgment of conviction or sentence against that person, and such further information, if any, as may be required by the requested Party.

C. On receipt of such an application the requested Party shall take the necessary steps to secure the arrest of the person claimed.

D. A person arrested upon such an application shall be set at liberty upon the expiration of 45 days from the date when the Embassy of the country seeking extradition is informed through the diplomatic channels of the fact of this arrest if a request for his extradition accompanied by the documents specified in Article X shall not have been received. However, this stipulation shall not prevent the institution of proceedings with a view to extraditing the person sought if the request is subsequently received.

ARTICLE XII

If the requested Party requires additional evidence or information to enable it to decide on the request for extradition, such evidence or information shall be submitted to it within such time as that Party shall require.

If the person sought is under arrest and the additional evidence or information submitted as aforesaid is not sufficient or if such evidence or information is not received within the period specified by the requested Party, he shall be discharged from custody. However, such discharge shall not bar the requesting Party from submitting another request in respect of the same or any other offense.

Such additional evidence or information may be requested and furnished directly between the United States Department of Justice and the Ministry of Justice of Spain.

ARTICLE XIII

A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:

1. He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;

8

2. He has not left the territory of the requesting Party within 45 days after being free to do so; or

3. The requested Party has consented to his detention, trial, punishment or to his extradition to a third State for an offense other than that for which extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

ARTICLE XIV

1. If the requested Party receives requests from the requesting Party and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the Executive Authority of the requested Party shall determine to which State, if any, it will surrender the person.

2. If Spain receives an extradition request from the United States and a request for surrender pursuant to the European arrest warrant for the same person, either for the same offense or for different offenses, its Ministry of Justice shall determine to which State, if any, it will surrender the person.

3. In making its decision under paragraphs 1 and 2 of this Article, the requested Party shall consider all of the relevant factors, including, but not limited to, the following:

(a) whether the requests were made pursuant to a treaty;

(b) the places where each of the offenses was committed;

(c) the respective interests of the requesting States;

(d) the seriousness of the offenses;

(e) the nationality of the victim;

(f) the nationality of the person sought;

(g) the possibility of any subsequent extradition between the requesting States; and

(h) the chronological order in which the requests were received from the requesting States.

ARTICLE XV

The requested Party shall communicate to the requesting Party as soon as possible through the diplomatic channel the decision on the request for extradition.

In the case of a complete or partial rejection of the extradition request, the requested Party shall indicate the reasons for the rejection.

9

The surrender shall be subject to the laws of the requested Party.

If the extradition has been granted, the authorities of the requesting and requested Parties shall agree on the time and place of the surrender of the person sought. Surrender shall take place within such times as may be prescribed by the laws of the requested Party.

If the person sought is not removed from the territory of the requested Party within the time prescribed, he may be set at liberty and the requested Party may subsequently refuse to extradite that person for the same offense.

ARTICLE XV Bis

1. The United States may authorize transportation through its territory of a person surrendered to Spain by a third State, or by Spain to a third State. Spain may authorize transportation through its territory of a person surrendered to the United States by a third State, or by the United States to a third State.

2. A request for transit shall be made through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of Spain. The facilities of Interpol may also be used to transmit such a request. The request shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit shall be detained in custody during the period of transit.

3. Authorization is not required when air transportation is used and no landing is scheduled on the territory of the transit Party. If an unscheduled landing does occur, the Party in which the unscheduled landing occurs may require a request for transit pursuant to paragraph 2. All measures necessary to prevent the person from absconding shall be taken until transit is effected, as long as the request for transit is received within 96 hours of the unscheduled landing.

ARTICLE XVI

To the extent permitted under the law of the requested Party and subject to the rights of third Parties, which shall be duly respected, all articles acquired as a result of the offense or which may be required as evidence shall, if found, be surrendered upon the granting of the extradition request.

Subject to the qualifications of the first paragraph, the above mentioned articles shall be returned to the requesting Party even if the extradition, having been agreed to, cannot be carried out owing to the death or escape of the person sought.

10

### ARTICLE XVI Bis

The Requested Party, in accordance with its own procedures, shall surrender the person sought without submission of the documents required by Article X of this Treaty, if the person sought freely consents before a judicial authority to be surrendered to the Requesting Party. The consent of the person sought may include agreement to waiver of the rule of speciality, as provided by Article XIII of this Treaty.

### ARTICLE XVII

Expenses related to the transportation of the person sought shall be paid by the requesting Party. The appropriate legal officers of the country in which the extradition proceedings take place shall, by all legal means within their power, assist the requesting Party before the respective judges and magistrates.

No pecuniary claim, arising out of the arrest, detention, examination and surrender of persons sought under the terms of this Treaty, shall be made by the requested Party against the requesting Party.

### ARTICLE XVIII

This Treaty shall continue in force until either Contracting Party shall give notice of termination to the other, which termination shall be effective six months after the date of receipt of such notice.

11

DECLARATION MADE BY THE KINGDOM OF SPAIN

"The Kingdom of Spain declares that when applying Article VII of the provisions ruling extradition between the United States of America and the Kingdom of Spain, as set forth in the Annex of the Instrument as contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union, Spanish authorities shall deny extradition if the requesting State does not accept the conditions established in the said article".