UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

| Present: The Honorable | Jean Rosenbluth, U.S. Magistrate Judge | | |
|---|---|---|---|
| Bea Martinez | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Relator: |
|---|---|
| None present | None present |

**Proceedings:** **Order Conditionally Granting Relator's Applications for Reconsideration of Denial of Application for Reconsideration and for Leave to File Under Seal** (IN CHAMBERS)

At a hearing on June 18, 2019, the Court denied the Relator's Application for Reconsideration of Bail but granted leave for a renewed request with additional proposed conditions of release. On June 24 and 25, 2019, the Relator sought leave to file his Application for Reconsideration of Denial of Application for Reconsideration on the public docket with redactions, with an unredacted version under seal. The government opposed the sealing application and the bail-reconsideration request on June 24 and 27, respectively. The Relator filed a reply to the opposition to the sealing request on June 26. The Court held a hearing on June 28 and took both matters under submission. For the reasons discussed below and on the record at the June 28 hearing (as well as the hearing on June 18), the Court CONDITIONALLY GRANTS both requests.

<u>Applicable Law</u>

Bail is not appropriate in foreign extradition cases absent a "special circumstance." <u>Wright</u> <u>v.</u> <u>Henkel</u>, 190 U.S. 40, 63 (1903); <u>Salerno</u> <u>v.</u> <u>United</u> <u>States</u>, 878 F.2d 317, 317 (9th Cir. 1989). Even if a relator demonstrates a special circumstance, he must also show that he is neither a flight risk nor a danger to the community or bail will be denied. <u>United</u> <u>States</u> <u>v.</u> <u>Kollmar</u>, No. 19-mj-70677-MAG-1 (KAW), 2019 WL 2163005, at *2 (N.D. Cal. May 17, 2019)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

(granting bail in extradition case involving alleged child rapist).

## Special Circumstances

As the Court first found on June 18 and reiterated on June 28, a special circumstance exists in this case. When considered in the context of other circumstances surrounding the case, it warrants bail.

Specifically, a special circumstance arises from the fact that much of the evidence supporting the arrest warrant, complaint, and formal request for extradition comes from diplomatic officials of the North Korean government, a country with which the United States does not have diplomatic relations in part because its justice system, including specifically pretrial investigations, is not trustworthy and does not comply with due process. See generally Ahmad v. Wigen, 726 F. Supp. 389, 411 (E.D.N.Y. 1989) ("Congress and the executive branch do not enter into extradition treaties with countries in whose criminal justice system they lack confidence."), aff'd, 910 F.2d 1063 (2d Cir. 1990). The Court explained its reasoning at the June 18 hearing and cited various recent U.S. State Department findings in support. At the June 28 hearing, it further noted that the only witnesses to the Relator's conduct inside the North Korean embassy in Spain on February 22, 2019, were North Korean officials or their family members and that each of them was interviewed by the Spanish police in the company of a high-ranking North Korean diplomat at the embassy, who was not only present but acted as the interpreter. The "competence" of the evidence presented in an extradition proceeding is a permissible consideration, see Santos v. Thomas, 830 F.3d 987, 1003, 1007-09 (9th Cir. 2016) (en banc) (remanding for extradition court to consider evidence that statements implicating extraditee in probable-cause determination were procured by torture), and the Court could find no other case in which most of the evidence came from representatives of a government with which the United States does not have diplomatic relations. That surely is a "special circumstance." See also In re Extradition of Mainero, 950 F. Supp. 290, 294 (S.D. Cal. 1996) (noting that special circumstances are not limited to those previously identified in case law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

or otherwise).[1]

    As the Court has noted, some of the evidence against the Relator has been independently corroborated by the Spanish police.[2] That undermines to some degree the strength of this special circumstance. See Matter of Requested Extradition of Kirby, 106 F.3d 855, 864 (9th Cir. 1996) (as amended Feb. 27, 1997) (noting that special circumstances identified by extradition court in granting bail were independently weak but "d[id] exist" and therefore warranted bail). But another factor considered with it renders it sufficiently weighty to warrant bail. See id.; Wroclawski v. United States, 634 F. Supp. 2d 1003, 1006 (D. Ariz. 2009) (finding special circumstance based on combination of factors).

    Specifically, the Relator submitted uncontradicted evidence that were he to go back to Spain to contest the charges against him, he would very likely be granted bail. (Relator's June 6, 2019 Appl. at 19-21 & Ex. H.) The FBI has confirmed that the North Korean government has threatened his life. He reasonably argues that because Spain has diplomatic relations with North Korea, he faces a worse risk to his safety in that country than he does here, where it is much more difficult for North Koreans to enter. Although some courts have held that a special circumstance exists whenever a relator can show

---

[1] As the government pointed out at the June 28 hearing, a Spanish judge reviewed the North Korean witnesses' statements and apparently accepted them, issuing charges against the Relator. But that judge may well have been bound to do so by Spain's diplomatic relations with North Korea, which are nonexistent here. At the June 18 hearing the Court asked the government for information concerning the Spanish/North Korean diplomatic agreement but so far has received nothing.

[2] But as the Court noted at the June 28 hearing, nothing corroborates the most serious allegations against the Relator, that he and/or other members of his group struck and injured some of the North Koreans inside the embassy. Although the formal extradition request includes photographs in support of other aspects of the case, it contains no photographs of any injuries, no medical records, and no non-North Korean witnesses' statements attesting to any observable or other injuries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

that he would likely be granted bail in the requesting country, the Court explained at the June 18 hearing why it does not agree with that authority. But here, the Court relies not just on the apparent availability of bail in Spain but on the Relator's difficult but reasonable decision not to take advantage of it by waiving extradition because of the apparent increased threat to his life in that country. Whether this constitutes a special circumstance supporting release or is simply a factor strengthening the special circumstance the Court identified above doesn't matter: it buoys the Relator's bail application.

For all these reasons, the Court finds by clear and convincing evidence that a special circumstance supporting bail exists.

<u>Danger</u>

As the Court found at the June 18 hearing, the Relator is not a danger to the community or any person in it. At nearly 40 years old, he has no criminal history of any kind. He served his country for six years in the Marines and was honorably discharged. He has long volunteered and worked at a variety of charitable organizations, mostly assisting veterans. As the numerous letters written on his behalf from a diverse group of community members attest, he appears to be a good and honorable man.

The government points to the Relator's possession of a loaded firearm when he was arrested as demonstrating dangerousness. But it concedes that he was licensed and permitted to carry that weapon and that there was nothing illegal about it. Moreover, he had recently been informed by the FBI of the threats to his life from the North Korean government. Under such circumstances, the gun does not signal danger.

Although those who entered the embassy on February 22 allegedly carried knives, there is no evidence they used them, much less that the Relator himself had one or even knew his compatriots did. Indeed, evidence affirmatively shows that he was not with the others when the knives and other supplies were purchased. And even accepting the witnesses' allegations of the incident as true, the only serious injury was a self-inflicted one, caused by someone jumping out

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

a window to escape.

The government also argues that precisely because of the threats against the Relator, he presents a danger to those he will live with in that the North Korean agents who would kill him might harm them as well. As the Relator has pointed out, the government has cited no law to support an "indirect" danger theory. And the Court can hardly detain the Relator because he is apparently the target of a dictatorship's efforts to murder him. If danger from a third party could keep someone in custody, low-level offenders willing to testify against their coconspirators could never be released from jail even if they personally posed no harm to anyone.

Accordingly, the Court finds by clear and convincing evidence that the Relator is not a danger to any community or person in the United States.

<u>Flight Risk</u>

Certainly, the Relator's biggest challenge in securing bail is demonstrating that he is not a flight risk. As discussed at the hearings and above, he seemingly has more reason to fear assassination or other harm from North Korea should he be returned to Spain, and therefore the incentive to flee to avoid extradition is strong. And given the danger he faces and the conditions of his release that the Court is likely to impose — no guns, house arrest — he would seem to be more likely to flee than to remain in place and subject himself and those living with him to a danger against which he would essentially be defenseless. Moreover, by his counsel's own acknowledgment at the June 28 hearing, he has participated in a sort of "underground railroad" that has helped at least one person "disappear" and hide, successfully, from the North Koreans. Combined with his military training, this skill would help him flee and remain a fugitive were he so inclined.[3]

---

[3] Indeed, as the government pointed out at the June 28 hearing, two of the Relator's alleged coconspirators remain fugitives despite rewards having been offered for information leading to their arrest. But that actually counsels against a finding that the Relator is a flight risk: the conspirators presumably all found out at about the same time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

    The posting of property, even the $1 million originally offered, would not sufficiently mitigate the risk of flight because, as the Court pointed out at the June 18 hearing, the family members who would lose their homes should the Relator flee would surely value his life at more than a million dollars. But with the added security of an array of third-party custodians who risk not just monetary loss but criminal prosecution should he flee or otherwise violate the conditions of his release, his appearance as required can be reasonably assured. Indeed, the third-party custodians will have every incentive to arrest or report the Relator should he violate any of his conditions or do anything suspicious, see, e.g., Reese v. United States, 76 U.S. 13, 17 (1869) (noting that third-party custodians are equivalent of "jailers" and "may at any time arrest" person in their custody and "surrender him to the court"); see also 18 U.S.C. 3149 (providing for same with sureties), because that is the only way to ensure that they will not be criminally prosecuted, see, e.g., United States v. Standing Crow, No. 1:15-CR-10003-CBK, 2015 WL 4692962, at *1-2 (D.S.D. Aug. 6, 2015) (finding that third-party custodian could be prosecuted for criminal contempt based on her own actions in failing to "report bond violations"), or suffer financial loss from the bond they will also post.

    The Relator, an American-born citizen, has by all accounts but the North Koreans' lived his life honorably, and as the dozens of letters the Court received on his behalf (including from eight veterans and members of the military and one Congressional Medal of Honor nominee) and the galley full of supporters at each of the hearings demonstrates, he can apparently be trusted to keep his word and to not place his friends' and family members' liberty and livelihoods in jeopardy.

    Accordingly, the Court finds by clear and convincing evidence that with the posting of property totaling $1 million, unjustified appearance bonds from three people totaling $180,000, and release to the custody of three people who may

---

of the possibility of Spain lodging an extradition request and of the threats to them from the North Korean government, and yet the Relator, unlike his alleged collaborators, did not flee. The government presented no evidence that he at any time tried to evade detection or arrest or that he was no longer living at his family home.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5397-JFW (JPR) | Date | July 2, 2019 |
|---|---|---|---|
| Title | In the Matter of the Extradition of Christopher Philip Ahn | | |

face criminal prosecution should he flee or otherwise violate the conditions of his release, flight risk can be sufficiently mitigated.

***

Before finally setting bond, the Court would like a report from Pretrial Services assessing the suitability of the proposed custodians and sureties. It also requests a recommendation concerning the other conditions of release to be set as well as proposed responsibilities of the custodians.

Counsel are to consult with Pretrial Services and then contact the Court's Courtroom Deputy to set a date for a continued bail hearing at which all the proposed sureties and custodians can be present. Assuming suitable conditions can be fashioned and the proposed sureties and custodians are approved, the Court will set bail at the hearing.

Accordingly, the Court conditionally grants both the Application for Reconsideration of Denial of Application for Reconsideration and the request for leave to file the names of the proposed third-party custodians under seal, the latter for the reasons stated on the record at the June 28 hearing.

Initials of preparer: <u>bm</u>