Ekwan E. Rhow - State Bar No. 174604
   erhow@birdmarella.com
Naeun Rim - State Bar No. 263558
   nrim@birdmarella.com
Christopher Jumin Lee - State Bar No. 322140
   clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Relator
Christopher Philip Ahn

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>CHRISTOPHER PHILIP AHN,<br><br>A Fugitive from the Government of Kingdom of Spain. | CASE NO. 2:19-cv-5397 JFW (JPR)<br><br>**RELATOR CHRISTOPHER PHILIP AHN'S REPLY TO GOVERNMENT'S OPPOSITION TO APPLICATION FOR REVIEW/ RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. § 3142)**<br><br>Date:  October 22, 2019<br>Time:  10:30am<br>Crtrm.: Hon. Jean P. Rosenbluth |

3610659.1

1

RELATOR CHRISTOPHER PHILIP AHN'S REPLY TO OPPOSITION TO APPLICATION FOR REVIEW/
RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. § 3142)

## I. Introduction

In its opposition to Relator Christopher Philip Ahn's Application to modify his bond conditions, the Government has manufactured a requirement that a relator must show changed circumstances or an inability to comply with bond conditions to seek bond modification. No such requirements exist, and tellingly, the Government cites no cases holding that they do. Matters of bail in extradition proceedings are within the "sound discretion" of the trial judge. *See In re Extradition of Santos*, 473 F.Supp.2d 1030, 1036 (C.D. Cal. 2006). Given the absence of statutory authority regarding conditions of release in extradition cases, courts have traditionally turned to 18 U.S.C. § 3142 for guidance in exercising their discretion. *See, e.g., Id.* at 1040; *Matter of Extradition of Nacif-Borge*, 829 F.Supp. 1210, 1221 (D. Nev. 1993). 18 U.S.C. § 3142 provides that when releasing a person from custody, courts should do so "subject to the least restrictive . . . combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). After release, courts "may at any time amend the [release] order to impose additional or different conditions[.]" 18 U.S.C. § 3142(c)(3).

## II. Background

Mr. Ahn was released on bond following a continued detention hearing on July 9, 2019 ("July 9 Hearing"). (Dkt. 73). Concurrently, the Court also ordered several conditions for Mr. Ahn's release, including *inter alia*, the appointment of third-party custodians, house arrest, and GPS location monitoring. *Id.* As part of their duties, certain of the third-party custodians were required to personally visit Mr. Ahn at his residence once per week. During the July 9 Hearing, the Court also indicated that it would be amenable to considering modifications to Mr. Ahn's bond conditions should he demonstrate compliance over a period of time.

Three months have passed, and Mr. Ahn has been in full compliance with his bond conditions. The third-party custodians have diligently visited him at his home

3610659.1

1

RELATOR CHRISTOPHER PHILIP AHN'S REPLY TO OPPOSITION TO APPLICATION FOR REVIEW/
RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. § 3142)

1  as required by the Court, even when doing so requires driving for over two hours in
2  heavy traffic.  Mr. Ahn has stayed on house arrest and made no attempt to flee.
3  Every morning and every evening, the third party custodians contact Mr. Ahn on
4  video chat to confirm that he is in his residence.  Mr. Ahn does not seek to modify
5  the video chat condition.

6  **III.   Argument**

7       Mr. Ahn asks that the Court modify his bond conditions to (1) relieve the
8  third-party custodians of their duty to personally visit his residence on a weekly
9  basis, and (2) allow him to leave his residence in accordance with a curfew.  Mr.
10 Ahn has demonstrated that he has no intention of fleeing.  If Mr. Ahn had intended
11 to flee out of fear for his life, he would have cut off his ankle monitor and done so as
12 soon as he was released instead of waiting in his home for months like a sitting duck
13 following a widely publicized bail hearing.  Instead, he has remained in full
14 compliance, and so have the third-party custodians.  If the Court granted Mr. Ahn's
15 Application, he would still be subject to numerous restrictions, including the daily
16 video chat requirement, location monitoring, search conditions, and the risk that
17 fleeing could cost his closest friends and family their homes or their freedom.  Even
18 with the requested modifications, the remaining conditions are sufficient to
19 reasonably assure the appearance of Mr. Ahn as required.

20      Continuing to require the in-person visits and house arrest would subject Mr.
21 Ahn to more restrictive bond conditions than necessary.  First, while the third-party
22 custodians remain willing to discharge their duties on behalf the Court, the personal
23 visit requirement is uniquely burdensome, as it forces the custodians to take time out
24 of their work schedules every week and drive thirty minutes to an hour both ways to
25 Mr. Ahn's residence.  Removing this burden would not substantially affect Mr.
26 Ahn's flight risk: the video call requirement will remain in place, allowing
27 custodians to visually verify that Mr. Ahn is at his residence every morning and
28 every evening in compliance with his bond conditions.  Moreover, a modification of

3610659.1

2

RELATOR CHRISTOPHER PHILIP AHN'S REPLY TO OPPOSITION OF APPLICATION FOR REVIEW/
RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. § 3142)

the custodians' duties does not mean that they are relieved of their potential liability should Mr. Ahn flee. In order to avoid such liability, therefore, they continue to have every incentive to monitor his whereabouts – including through personal visits. Mr. Ahn is merely requesting that the Court allow them to conduct these visits on a voluntary basis instead of according to a mandated schedule. Second, house arrest is no longer necessary given that Mr. Ahn has made no attempt to flee for several months after being released. If he had any intention of fleeing, he would have done so at the first opportunity instead of remaining at his residence with his family for several months despite the credible threats against his life. Moreover, Mr. Ahn will be placed under curfew, and continue to participate in the Location Monitoring Program, as well as all travel restrictions imposed by the Court. Those conditions will be sufficient to secure his appearance. *See Lopez*, 2019 WL 2393609, at *2 (D. Nev. June 5, 2019) (granting modification of bond conditions to remove curfew despite Government's objection that such modification would "eliminate all structural support for GPS monitoring", on the basis that "GPS monitoring ensures that . . . Defendant is in compliance with his current travel restrictions.")

      The Government makes the baseless argument that Mr. Ahn now has more incentive to flee because the Government's opening extradition brief contained additional witness statements and photographs. The Government claims that the case against Mr. Ahn is now stronger, increasing his risk of flight. Contrary to the Government's assertions, *none of the additional evidence shows that Mr. Ahn personally restrained or attacked anyone, nor do they prove that he knew others may have planned to do so.* The additional evidence further corroborates facts that were already known to the Court—but there is still no evidence of Mr. Ahn's *personal role* other than the statement of a North Korean official. In any case, this is not the time for the Court to decide the strength of either party's case. Mr. Ahn has strong defenses against extradition – including a legal challenge to the competency of the evidence against him – but has not yet had the occasion to

3610659.1

3

RELATOR CHRISTOPHER PHILIP AHN'S REPLY TO OPPOSITION OF APPLICATION FOR REVIEW/
RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. § 3142)

present any explanatory facts or legal arguments to the Court because his opposition brief is not yet due. Thus, the Court should not consider the arguments in the Government's extradition brief in deciding this Application, given that the defense has not had the opportunity to respond.

Finally, the Government's perplexing assertion that the bond conditions should not be modified because Mr. Ahn will be immediately remanded into custody should he be found extraditable is completely unsupported by legal authority. To the contrary, there is ample authority that shows exactly the opposite: courts "have not drawn any distinction between pre-and post-certification bail applications." *In re Kapoor*, 2012 WL 2374195, at *3 (E.D.N.Y. June 22, 2012). Accordingly, numerous courts on this circuit and others have freely considered post-certification bail on the same basis as pre-certification bail. *See, e.g.*, *United States v. Salerno*, 878 F.2d 317, 317 (9th Cir.1989) (applying special circumstances test to bail request pending appeal of habeas petition); *Yau–Leung v. Soscia*, 649 F.2d 914, 920 (2d Cir. 1981) (reversing district court's grant of habeas relief but affirming post-certification release on bail); *Garcia v. Benov*, 2009 WL 6498194, at *5 n.23 (C.D. Cal. Apr. 13, 2009) ("numerous courts have applied the special circumstances rule to bail decisions in extradition cases post-certification.")

Flying in the face of well-established law, the Government nevertheless contends that post-certification bail will be unavailable to Mr. Ahn due to potential diplomatic consequences for the United States should he flee after being found extraditable. This argument has been made before and rejected before. *See Wrocklawski, v. U.S.*, 634 F.Supp.2d 1003, 1005 (D. Ariz. 2009) (Rejecting Government's argument that "bail is not appropriate for relators post-certification" due to "interest in meeting treaty obligations[,]" as it "[had] no support in any case law and the Government [did not] in any way explain how [Relator's] release on bail would interfere with the execution of . . . treaty obligations.")

If the Government wants to remand Mr. Ahn to custody post-certification, it

will have to prove before the habeas court why the special circumstances that justified his initial release no longer exist. *See Kapoor*, 2012 WL 2374195, at *1. Such remote and speculative possibility should have no bearing on the Court's decision on the instant Application.

### IV. Conclusion

For the foregoing reasons, Relator Christopher Philip Ahn respectfully requests that the Court grant his Application.

DATED: October 17, 2019

Ekwan E. Rhow
Naeun Rim
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:     /s/ Naeun Rim
       Naeun Rim
Attorneys for Relator Christopher Philip Ahn

3610659.1

5

RELATOR CHRISTOPHER PHILIP AHN'S REPLY TO OPPOSITION OF APPLICATION FOR REVIEW/ RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. § 3142)