1  NICOLA T. HANNA
   United States Attorney
2  PATRICK R. FITZGERALD
   Assistant United States Attorney
3  Chief, National Security Division
   JOHN J. LULEJIAN (Cal. Bar No. 186783)
4  Assistant United States Attorney
        1200 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-0721
        Facsimile: (213) 894-0141
7       E-mail:    John.Lulejian@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-CV-5397 JFW (JPR) |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO RELATOR'S *EX PARTE* APPLICATION TO CONTINUE EXTRADITION HEARING AND BRIEFING SCHEDULE |
| v. | |
| CHRISTOPHER PHILIP AHN | |
| A Fugitive from the Government of the Kingdom of Spain. | [Assigned to the Honorable Jean P. Rosenbluth, United States Magistrate Judge] |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney John J. Lulejian, hereby files its Opposition to Relator's Ex Parte Application to Continue Extradition Hearing and Briefing Schedule (Docket No. 132).

\\
\\
\\
\\
\\

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 30, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

*/s/ John J. Lulejian*
JOHN J. LULEJIAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The United States is available for an extradition hearing on May 8, 2020, but opposes the requested continuance for the following reasons.

First, since the February 22, 2019, attack on the North Korean Embassy in Madrid, the Kingdom of Spain ("Spain") promptly has charged CHRISTOPHER PHILLIP AHN ("AHN"), and submitted a request for the provisional arrest a view toward extradition, a formal request for extradition, and supplemental documentation supporting that request to the United States. The speed in which Spain charged AHN and sought his extradition reveals Spain's desire to begin to prosecute him for the crimes he allegedly committed in that nation. The requested continuance will delay and hamper that prosecution, should this Court certify AHN as extraditable.

Second, while AHN claims that he needs additional time to conduct a fact investigation, he does not say how that investigation will yield evidence admissible at the extradition hearing. He also states that he needs to translate "voluminous documents from Korean or Spanish to English," but does not enumerate how these documents are relevant to extradition. The Ninth Circuit has placed significant limits on what evidence a relator may introduce at an extradition hearing, and has prohibited the introduction of evidence that would lead to evidentiary disputes and convert the extradition hearing into a full-scale trial. See Santos v. Thomas, 830 F.3d 987, 992 (9th Cir. 2016) (en banc); Barapind v. Enomoto, 400 F.3d 744, 749 (9th Cir. 2005) (en banc); Hooker v. Klein, 573 F.2d 1360, 1368 (9th Cir. 1978). Further, with respect to the multiple experts AHN has retained, it is not evident what opinions they can offer that are

relevant to the extradition hearing.  The Court does not need experts or their opinions to evaluate the facts submitted by Spain to determine whether there is probable cause.  Further, pursuant to the well-established Rule of Non-Inquiry, this Court need not resolve issues relating to the interpretation of Spanish law.  See <u>Sainez v. Venables</u>, 588 F.3d 713, 717 (9th Cir. 2009); <u>Emami v. United States Dist. Court</u>, 834 F.2d 1444, 1449 (9th Cir. 1997).  To the extent that any of the additional information that AHN seeks to develop relates to proof of guilt of the charges levied in Spain, the appropriate forum to litigate those issues is in the Spanish courts.

Finally, many of the issues that AHN has raised and purports to raise, particularly those involving humanitarian concerns and the United States' relationship with North Korea, are not relevant for the extradition hearing.  Those issues are reserved for the Executive Branch, and AHN may raise them with the Secretary of State, should this Court certify him as extraditable.

Accordingly, the United States respectfully requests that the Court deny AHN's application for a continuance and keep the current extradition hearing date and briefing schedule.