Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Naeun Rim - State Bar No. 263558
    nrim@birdmarella.com
Christopher Jumin Lee - State Bar No. 322140
    clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Relator
Christopher Philip Ahn

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CHRISTOPHER PHILIP AHN,<br><br>Relator. | CASE NO. 2:19-cv-5397-FLA (JPR)<br><br>**BRIEFING ON CROSS-EXAMINATION OF RELATOR'S WITNESSES**<br><br>Date:     May 25, 2021<br>Time:    10:30 a.m.<br>Crtrm.:  690<br><br>Assigned to Hon. Jean Rosenbluth, U.S. Magistrate Judge |

The Court has asked the parties to address the question of whether it may consider evidence from Relator's witnesses who are not available for cross-examination by the Government. Relator's position regarding this issue is identical to the position held by the Government regarding their own witnesses throughout the proceedings: extradition is not a trial. The rules of evidence do not apply, including those concerning hearsay evidence. Thus, no cross-examination is necessary.

The following language is drawn entirely from the Government's own extradition memorandum, with some minor paraphrasing and cleaning up of

authorities[1]: the Federal Rules of Criminal Procedure, Civil Procedure, and Evidence do not apply to extradition proceedings. *See Santos v. Thomas*, 830 F.3d 987, 992 (9th Cir. 2016); *In re Extradition of Kirby*, 106 F.3d 855, 867 (9th Cir. 1996). An example of the difference between a criminal trial and an extradition proceeding is that, in the latter, hearsay is permitted. *Collins v. Loisel*, 259 U.S. 309, 317 (1922); *Mainero v. Gregg*, 164 F.3d 1199, 1206 (9th Cir. 1999) ("it is well settled in this circuit that evidence [in an extradition proceeding] is not incompetent simply because it is hearsay"); *Emami v. U.S. Dist. Court for N. Dist.*, 834 F.2d 1444, 1451 (9th Cir. 1987) ("In the Ninth Circuit it has been repeatedly held that hearsay evidence that would be inadmissible for other purposes is admissible in extradition"). Indeed, "[a] determination of probable cause in an extradition proceeding may rest entirely upon hearsay." *In re Ryan*, 360 F. Supp. 270, 273 (E.D.N.Y. 1973); *see also Quinn*, 783 F.2d at 815-16 ("Barring hearsay from extradition proceedings would thwart one of the objectives of bilateral extradition treaties.").

The Government has consistently argued to the Court that ***"the calling of live witnesses is not contemplated at extradition proceedings."*** (Dkt. No. 113 at 14:11-18). Mr. Ahn has not contested this position, and has proceeded under the assumption that cross-examination is not available, and has not sought to cross-examine any of the Government's witnesses. It would be profoundly unjust to allow the Government to argue for exclusion of testimony from Mr. Ahn's witnesses on the same grounds. Had the Government raised this issue prior to the eve of the extradition hearing, arrangements may have been made for Mr. Collins' travel. However, nowhere in their reply brief does the Government object to the admissibility of Mr. Collins' report specifically on the basis of his availability for

---

[1]   *See* Dkt. No. 113 at 13:10-14:18

cross-examination, nor has the government approached Relator's counsel requesting that Mr. Collins be present at the hearing.[2] Based on these circumstances, the Government should be judicially estopped from objecting to the admissibility of Mr. Collins' report on these grounds, unless they are willing to withdraw all of their own evidence involving witness testimony where the witness is not available for live cross-examination by Mr. Ahn.[3]

The Court has "wide latitude" to admit evidence at extradition hearing. *Extradition of Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986), including "[r]eliable evidence that the government's evidence was obtained by … coercion[.]" *Santos*, 830 F.3d at 1003.[4] Mr. Collins need not be present for the Court to determine that his report is "reliable" per *Santos*. Mr. Collins is a renowned expert on North Korea, and his specific expertise on North Korean coercion of witness testimony has been relied upon by federal courts in the past. *See Warmbier v. D.P.R.K.*, 356 F. Supp. 3d 30, 37 (D.D.C. 2018) (citing to Expert Declaration of Robert M. Collins regarding whether Otto Warmbier's confession had been coerced by North Korean authorities). The Collins Report (and the support letters by Prof. Sung-Yoon Lee and others) are not being submitted to contradict any facts alleged by the Government, but merely to establish facts regarding the totalitarian,

---

[2] Relator's counsel did not advise Mr. Collins to travel to the extradition hearing, given that he resides in South Korea and suffers from a serious heart condition that makes travel challenging, particularly given the ongoing COVID-19 pandemic.

[3] Judicial estoppel is appropriate when: (1) a party takes a later position clearly inconsistent with its earlier position; (2) acceptance of the inconsistent later position would create the perception that the court was misled; and (3) that would result in injustice to the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).

[4] On remand in *Santos*, the extradition court denied certification of extradition with no reference to any live cross-examination of the witnesses who claimed that their relevant testimony was coerced. *See generally Matter of Extradition of Santos*, 228 F. Supp. 3d 1034 (C.D. Cal. 2017).

oppressive nature of the North Korean regime that cannot be controverted. Even if the Court finds that these facts cannot be admitted under its inherent authority, they would nevertheless be subject to judicial notice as facts that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *See* Fed. R. Evid. 201(b). Indeed, other than arguing that the Collins Report should not be admitted wholesale, the Government makes no attempt to contest the accuracy of any of the facts therein.

"No person shall . . . be deprived of life, liberty, or property, without due process of law." *See* U.S. Const. amend. V. It would be a violation of Due Process to impose evidentiary requirements on the Relator that are not applicable to the Government. It is squarely within the Court's discretion to consider the Collins Report – and any other evidence provided by Relator – and to rely on that evidence as necessary in reaching its decision on certification, even if Mr. Collins is not available for live cross-examination.

DATED: May 25, 2021

Ekwan E. Rhow
Naeun Rim
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:  */s/ Christopher J. Lee*
　　　　Christopher J. Lee
Attorneys for Relator  Christopher Philip Ahn