# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV19-5397-FLA (JPR) | Date | May 25, 2021 |
|---|---|---|---|
| Title | United States of America v. Christopher Philip Ahn | | |

| Present: The Honorable | Jean P. Rosenbluth, Magistrate Judge | |
|---|---|---|
| Bea Martinez | Lisa Gonzalez | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John J. Lulejian, AUSA<br>Philip Mirrer-Singer | Naeun Rim<br>Christopher Lee<br>Ekwan E. Rhow |

**Proceedings:**        (In Court): Extradition Hearing **[Contested]**

Case called. Appearances made. The defendant is present and on bond. The extradition hearing is held and the Court hears argument.

Without objection, the Court admits the documents comprising the formal request for extradition from Spain. The Court rules over objection that Professor Sung-Yoon Lee may testify as an expert on behalf of the relator concerning the competency of some of that evidence, among other things. He testifies and is cross-examined and questioned by the Court. The Court admits his expert testimony as well as the letter he wrote the Court, which was filed on May 18, 2021. Because the authors are not available for cross-examination, the Court does not admit the expert report of Robert Collins or the other two letters filed on May 18 but notes that they are fully consistent with Prof. Lee's testimony. As for the rest of the relator's proposed evidence, the Court admits over objection the February 22, 2021 under-seal declaration of Naeun Rim and the 2014 United Nations Human Rights Council Report. The Court does not admit for the purposes of today's hearing the 2019 letters written in connection with the bail determination. The Court reserves judgment on whether to admit the declaration of the relator.

The Court finds that all statements given by the North Korean embassy residents and translated by the head attache are not competent evidence because they were the product of coercion and cannot be considered in the probable-cause determination. The Court will consider, however, the "excited utterance" statements made by the embassy resident who jumped out the window and spoke to a Spanish civilian and police immediately thereafter, without the presence of other diplomatic officials. Without objection, Cynthia Warmbier makes statement to the Court. The relator states that Ms. Warmbier's husband has written a letter to the Court. The Court advises that she may file the letter and states that the government may file an objection to the Court's consideration of it if it wants to. Counsel each make video presentations concerning probable cause, and the Court instructs them to file exact duplicates of the presentations with the Court by no later than May 26.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV19-5397-FLA (JPR) | Date | May 25, 2021 |
|---|---|---|---|
| Title | United States of America v. Christopher Philip Ahn | | |

     The Court denies the government's request to extradite the relator on the charge of robbery by violence or intimidation because the government has presented no evidence that any property was taken "for profit." The Court takes under submission whether probable cause exists on the other five charges and whether to admit and consider the relator's declaration in making that judgment. The Court also takes under submission whether a humanitarian exception to extradition exists and whether it is appropriate to invoke in this case.

     The Court instructs the parties to meet and confer concerning whether everything that is currently under seal on the docket must remain so and instructs them to file a stipulation or other pleadings by no later than June 4 as to which filings, or portions thereof, may be unsealed. The Court makes clear that it wants as much information as appropriate publicly available, and that whenever possible redactions should be used rather than leaving entire documents sealed on the record.

     The relator requests certain bail modifications. As to those to which the government does not object, the Court instructs the relator to obtain the written consent of the sureties and third-party custodians and file those and a proposed order with the Court. Any other bail modifications will be considered after the Court rules on the extradition request, if necessary.

cc:    Judge Aenlle-Rocha

|  | 3 | : | 56 |
|---|---|---|---|
| Initials of Clerk | bm | | |